THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, *v.* ALFRED HORTON, RESPONDENT.

*Indictment — the place where the crime was committed must appear therein.*

Section 284 of the Code of Criminal Procedure makes it a requisite of a sufficient indictment that "it can be understood therefrom that the crime was committed at some place within the jurisdiction of the court."

The charging part of an indictment did not specify any place where the alleged crime was committed, and a demurrer was upon this ground interposed thereto. *Held,* that the indictment was defective and the demurrer well taken.

APPEAL by the plaintiff, the People of the State of New York, from a judgment of the Court of Sessions of Monroe county, entered in the office of the clerk of the county of Monroe on the 25th day of May, 1891, sustaining a demurrer interposed to an indictment which charged the defendant with the crime of grand larcency in the first degree.

*H. H. Widener,* for the appellant.

*C. C. Davy,* for the respondent.

DWIGHT, P. J.:

It is indisputable that an indictment should show, on its face, jurisdiction of the offense in the grand jury, by which it was found, and this it cannot do unless it show that the offense was committed in the county in which the grand jury was organized. In that respect the present indictment is clearly defective. It lays the venue of nearly every act and event mentioned, either by an original specification or by a "then and there," except of the act which constituted the crime charged, and that was omitted — probably through inadvertence.

The indictment charges, by way of inducement, that, on a day named, at the city of Rochester, in the county of Monroe, the defendant was acting as trustee, etc., having theretofore been duly appointed as such by the surrogate of Monroe county, then and there having full power, etc.; that he then and there duly qualified as trustee, and thereupon received a sum of money named; then and there deposited in the savings bank, at Rochester, N. Y., the

property of the person for whom he was then and there trustee, as aforesaid, and then it proceeds: "And this grand jury do further say that thereafter and on said 17th day of October, A. D. 1889, the said Alfred Horton did unlawfully and feloniously secrete, withhold and appropriate to his own use, etc., the sum of, etc., good and lawful money of," etc. This was the charging part of the indictment; the act here specified was that which constituted the offense, and to it no venue is attached; it does not appear that it was committed in the county of Monroe in which the indictment was found. In this respect it fails to comply with the requirements of the latest and most liberal of the statutes concerning criminal pleading. Section 284 of the Code of Criminal Procedure prescribes, among the requisites for the sufficiency of an indictment, that " it can be understood therefrom that the crime was committed at some place within the jurisdiction of the court." It cannot be understood, from this indictment, that the act constituting the crime was committed at any place within the jurisdiction either of the court in which the indictment was found, or of that in which the defendant was arraigned for trial, since no place is named or referred to in which it was committed.

We agree in the opinion of the learned county judge that, for the reason considered, the demurrer was properly allowed. The judgment appealed from should be affirmed.

MACOMBER and LEWIS, JJ., concurred.

Judgment of Court of Sessions of Monroe county affirmed.